UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                          Case No. 2:09-cv-216-FtM-29SPC

JOSEPH A. LEEMON; NATALIE J. LEEMON,

           Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on United States' Motion for Summary Judgment (Doc. #36) filed on September 24, 2010. Defendants filed a Responce [sic] For Denial To Summary Judgment (Doc. #37) on October 4, 2010. Upon review, the Court took the opportunity to explain to defendants, since they are proceeding *pro se*, that it was their burden to point to evidence in order to defeat a properly submitted motion for summary judgment and granted defendants additional time in which to do so. (Doc. #47.) Subsequently, the Court has granted defendants several continuances so that they can obtain evidence and file an Amended Response. (Docs. ## 53; 55.) The defendants have yet to file an Amended Response and the time to do so has expired.

I.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010)(citation omitted). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

**II.**

This action is brought by the United States against Joseph A. Leemon and Natile J. Leemon (together defendants or the Leemons) for unpaid federal tax liabilities pursuant to 26 U.S.C. § 7401. (Doc. #1.)  For the years 1994, 1998-2000, 2004, and 2006, the Leemons untimely filed an income tax return and the IRS assessed income taxes, penalties, and interest based on those returns. (Doc. #36-1, ¶2.)  For the years 1995-1997 and 2002, the IRS initially determined Natalie Leemon's liability pursuant to 26 U.S.C. § 6020(b), but then the Leemons untimely filed joint income tax returns for those years and the IRS assessed income taxes, penalties and interest based on those returns.  (Id.)  A delegate of the Secretary of the Treasury assessed income taxes and related penalties and interest against defendants on the dates and the amounts listed on the following table:

| Tax Year | Date of Assessment | Assessments (additional tax assessed after the Leemons filed untimely joint tax returns) |
|---|---|---|
| 1994 | February 20, 2006 | $4,804.00 (tax)<br>$1,903.22 (interest)<br>$612.27 (penalties) |
| 1995 | April 19, 1999 | $7,471.00 (tax)<br>$1,218.01 (interest)<br>$1,612.11 (penalties) |
|  | December 5, 2005 | $836.00 (add'l tax) |

| | | |
|---|---|---|
| 1996 | December 13, 1999 | $9,156.00 (tax)<br>$3,222.09 (interest)<br>$2,239.21 (penalties) |
| | December 5, 2005 | $5,280.00 (add'l tax) |
| 1997 | November 27, 2000 | $8,698.00 (tax)<br>$1,791.73 (interest)<br>$1,764.00 (penalties) |
| | December 5, 2005 | $3,719.00 (add'l tax) |
| 1998 | April 17, 2006 | $13,628.00 (tax)<br>$533.48 (interest)<br>$359.10 (penalties) |
| 1999 | April 24, 2006 | $35,025.00 (tax)<br>$7,855.18 (interest)<br>$6,678.97 (penalties) |
| 2000 | May 1, 2006 | $8,091.00 (tax)<br>$712.55 (interest)<br>$844.55 (penalties) |
| 2002 | February 7, 2005 | $47,641.60 (tax)<br>$5,069.46 (interest)<br>$13,524.42 (penalties) |
| | August 28, 2006 | $21,040.60 (add'l tax) |
| 2004 | February 13, 2006 | $1,200.00 (tax)<br>$75.55 (interest)<br>$307.45 (penalties) |
| 2006 | March 17, 2008 | $6,083.00 (tax)<br>$474.87 (interest)<br>$1,177.02 (penalties) |

(Id. at ¶¶ 3-12.)  The total amount due and owing is $132,556.50 as of September 23, 2010. (Id. at ¶13.)

A delegate of the Secretary of the Treasury issued notice of the assessments at issue and made demand for payment as provided by

law. (Doc. #1, ¶7.) Despite the notice and demand for payment, defendants refused to pay.

Defendants deny owing the tax liabilities at issue and claim that they should get deductions based on loans made to a failed business venture. (Doc. #23.) Defendants have sought business records for years not at issue in this case and have moved to continue the deadlines several times based on the inability to retrieve those records. (Docs. ## 50; 52.) Despite several continuances, defendants have failed to produce any evidence to substantiate their claims.

### III.

The government seeks summary judgment in the amount of defendants' tax liability which totaled $132,556.50 as of September 23, 2010.

"An 'assessment' is a procedure in which the IRS records the liability of the taxpayer in IRS files." Behren v. United States, 82 F.3d 1017, 1018 n.1 (11th Cir. 1996)(citing 26 U.S.C. § 6203; 26 C.F.R. § 301.6203-1)). "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness - a presumption that can help the Government prove its case against a taxpayer in court." United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002)(citing United States v. Janis, 428 U.S. 433, 440-41 (1976)); Suarez v. United States, 582 F.2d 1007, 1010 & n. 3 (5th Cir. 1978). "Unquestionably the burden of proof is on the

taxpayer to show that the commissioner's determination is invalid." <u>Helvering v. Taylor</u>, 293 U.S. 507, 515 (1935).

The United States' tax assessments are presumptively correct as a matter of law and the Leemons have failed to present any evidence to rebut any of the amounts due.  The tax liabilities are all based on income tax returns filed by defendants.  Defendants do not dispute that they have no records to prove their claim that certain business expenses should reduce the amount of their unpaid taxes.  (Doc. #23, ¶6.)  Further, document requests to the defendants' former accountants only reinforce that defendants are unable to substantiate their claims.  (Doc. #36-2.)

Since defendants cannot overcome the presumption that the government's records are correct, there is no dispute as a matter of law and the government is entitled to a judgment in its favor in the amount of $132,556.50 as of September 23, 2010.

Accordingly, it is now

**ORDERED**:

1. United States' Motion for Summary Judgment (Doc. #36) is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Plaintiff, the United States of America, and against Defendants, Joseph A. Leemon and Natalie J. Leemon, in the amount of $132,556.50 as of September 23, 2010, plus statutory additions for

each day subsequent to September 23, 2010, until the judgment is paid in full.

3. The Clerk shall terminate all pending motions and deadlines and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of June, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Joseph and Natalie Leemon
Counsel of record

-7-